JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR17-5116 BHS |
| Plaintiff, | SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY |
| v. | |
| CHARLES ANDREW STOCKER, | **Noted: October 20, 2017** |
| Defendant. | |

Charles Stocker respectfully moves the Court for an Order compelling the Government to produce discovery related to the "fraudulent list of supposed confidential informants" (CI list) that the Government filed with the Court on September 12, 2017. *See* Additional Briefing Addressing Early Release of Confidential Information (dkts. 41 and 41-1). This motion is based Fed. R. Crim. P. 16(d) and *Brady v. Maryland,* 373 U.S. 83 (1963). A Certificate of Compliance under Local Cr.R. 16(i) has been filed in conjunction with this motion. Trial is scheduled for January 16, 2017.

## I.      BACKGROUND

Charles "Andy" Stocker is now charged in a single count Superseding Indictment with Aiding and Abetting a Conspiracy to Distribute Controlled Substances (dkt. 49).[1] Mr. Stocker filed a first motion to compel in this case on August 4, 2017

---

[1] The Government has abandoned four of the five original charges in this case, which included two counts of Misprision of a Felony (Counts 3 and 4 of the original indictment); a charge of Aiding and Abetting the Distribution of Controlled Substances by a "target" different from the ones named in the Superseding Indictment (Count 2 of the original indictment); and a second charge of Aiding and Abetting the Distribution of Controlled Substances, which was contained in the duplicitous first count of the original indictment. *See* dkt. 11

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1  (dkt. 25). That motion sought, *inter alia*, discovery related to the numerous informants
2  that are the main witnesses in this case. On September 12, 2017 – the day before the
3  Court's hearing on the first motion to compel – the Government filed the Additional
4  Briefing referenced above (dkts. 41 and 41-1). In that briefing, the Government alleged
5  that Mr. Stocker was responsible for distributing "a fraudulent list of supposed
6  confidential informants that the United States Attorney's Office for the Western District
7  of Washington purportedly created was circulating on the internet." Dkt. 41 at 2. The
8  Government specifically alleged that "the evidence gathered to date points directly to
9  defendant Stocker as having released the document." *Id*. at 3.

10  In truth, Mr. Stocker had nothing to do with the CI List. On September 14, 2017,
11  defense counsel sent a letter to the Government seeking discovery related to the
12  Government's new allegations, requesting all records related to the allegations
13  contained in the September 12, 2017 Additional Briefing. *See* Exh. A. In making this
14  request, the defense noted that before leveling these accusations against Mr. Stocker,
15  the Government had admitted that it relied on an informant who is reportedly "a gossip"
16  with an apparent "tendency to embellish facts or make things up." *Id.* (quoting the
17  Government's Additional Briefing, dkt. 41, at 4 n. 1). The defense's discovery request
18  also included the following summary of the discovery's materiality:

> Please note that this request is material to the defense even if you expressly disclaim any intent to introduce evidence at trial related to the posting of the informant list. The person who posted this information is likely the individual who is the source of leaks that you attribute to Mr. Stocker. As a result, any discovery that would help us to determine the source of the list is material to potential defenses at trial.

Exh. A (September 14 Letter of AFPD Colin Fieman to AUSA Justin Arnold).

On September 25, after additional correspondence between the parties, the Government provided a "native format" copy of the CI List on disc. That copy contains minimal metadata and no new information. The Government also notified the defense that any further discovery related to the CI List is "not rule 16 material;" that it would

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

"evaluate" whether or not to produce the discovery "at the conclusion of the investigation" into its new allegation against Mr. Stocker; and, "if necessary," ask the Court to the review the discovery *in camera*. *See* Exh. B (Government's September 25 letter). This motion follows.

## II.     ARGUMENT

**The Discovery Sought by the Defense is Material to Potential Defenses at Trial; the Court Should Order the Government to Disclose it.**

The Government contends that Mr. Stocker engaged in obstruction of justice by creating and circulating a list of confidential informants purportedly operating in the Aberdeen area. Mr. Stocker had nothing to do with the list and has no knowledge about who is responsible for it. However, since the remaining charge in this case revolves around allegations that Mr. Stocker disclosed information about informants in the Aberdeen area, the CI List and discovery related to it are plainly material to potential defenses at trial. The fact that someone other than Mr. Stocker is continuing to circulate information about informants may well lead a jury to conclude that some or all of the "leaks" attributed to Mr. Stocker may have another source. That conclusion alone could establish reasonable doubt as to the charge against him. *See generally United States v. Crosby*, 75 F.3d 1343, 1347 (9th Cir.1996) ("Fundamental standards of relevancy. . . require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged") (alteration and omission in original) (citation and quotation marks omitted); *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980) (same).

Defendants have a right pursuant to Fed. R. Crim. P. 16 to all discovery that is "material to preparing the defense." *United States v. Soto-Zuniga*, 837 F.3d 992, 1000 (9th Cir. 2016) (citing Rule 16(a)(1)E)). "Materiality is a low threshold; it is satisfied so long as 'the information [] would have helped' [the defendant] prepare a defense." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (quoting *United*

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1   *States v. Doe*, 705 F.3d 1134, 1151 (9th Cir.2013)). The information need not be
2   admissible or even exculpatory. Instead, "[i]nformation is material even if it simply
3   causes a defendant to 'completely abandon' a planned defense and 'take an entirely
4   different path.'" *Hernandez-Meza* at 768 (quoting *Doe* at 1151). Evidence that will
5   "'play an important role in uncovering admissible evidence, aiding witness preparation,
6   corroborating testimony, or assisting impeachment or rebuttal'" must also be provided
7   by the Government. *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993))
8   (citations omitted).

9         The Government is obligated to disclose the records and information that have
10  been requested. The defense has the right to conduct an independent investigation into
11  the source of the CI List, and the Government does not deny that it has material relevant
12  to that investigation. Further, based on the limited inquiries about the list that the
13  defense has been able to make so far, there is reason to believe that the Government
14  now has information inconsistent with its claim that "the evidence gathered to date
15  points directly to defendant Stocker as having released the document." Dkt. 41 at 3.

16        There can be no reasonable dispute that the information sought is both material
17  and discoverable. Nevertheless, the defense recognizes that the Court may want to
18  balance the defense's right to the discovery against the Government's claim that it
19  needs additional time to complete its investigation. Accordingly, the defense is not
20  opposed to an order that sets a reasonable deadline prior to trial for the Government to
21  finish its investigation and provide the discovery. However, this deadline should be a
22  short one. After all, the Government had no hesitation about disclosing its investigation
23  and accusing Mr. Stocker of obstructing justice almost a month ago. The Court should
24  not allow the Government to make unsubstantiated allegations against a defendant
25  when it suits its purposes, and then permit the Government to withhold discovery about
26  those allegations when it may serve a different purpose, namely an exculpatory one.

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Accordingly, the defense proposes that the Court set a deadline of November 1, 2017, for the Government to disclose the reports and other evidence identified in Mr. Stocker's September 14, 2107 discovery demand. That will allow the defense a reasonable amount of time to review the discovery and conduct its own investigation before trial on January 16, 2017.

### III.   CONCLUSION

For the reasons set forth above, the Court should order the Government to disclose to the defense all reports and other materials related to the "CI List," including the names of the witnesses referenced in its Additional Briefing, no later than November 1, 2017.

DATED this 6th day of October, 2017.

Respectfully submitted,

s/ *Colin Fieman*
s/ *John Carpenter*
Attorneys for Charles Andrew Stocker

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2017 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Carolynn Cohn*
Paralegal

SECOND MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Stocker*, CR17-5116 BHS) - 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**